IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GAILEY, | : | |
| | : | Civil Action No. 4:13-CV-2830 |
| | : | |
| Plaintiff | : | |
| v. | : | (Judge Brann) |
| | : | |
| NORFOLK SOUTHERN RAILWAY | : | |
| COMPANY and CONSOLIDATED | : | |
| RAIL CORPORATION, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**
July 24, 2015

Pending before this Court is a motion for partial summary judgment filed by Defendants Norfolk Southern Railway Company and Consolidated Rail Corporation.  The motion seeks judgment against Plaintiff Richard Gailey on his claim to the extent that he alleges that Defendants' improper use of ballast caused his injuries.  Though Defendants have not filed a reply brief, the time for briefing has concluded and this matter is now ripe for disposition.  In accordance with the following reasoning, Defendants' motion for partial summary judgment is granted in part and denied in part.  To the extent Plaintiff's allegations relate to injuries which have resulted from walking on ballast in areas where track stability and support are concerned, his claim is dismissed.  To the extent, however, that his

1

claim is predicated on injuries which have resulted from walking in non-track areas, Defendants' motion for partial summary judgment is denied.

## I. BACKGROUND

Plaintiff Richard Gailey has brought this action alleging violations of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.* (hereinafter "FELA"). Plaintiff was employed by the Defendants for thirty-six (36) years as a freight trainman and conductor.  Pl.'s Statement of Facts ¶ 1, March 18, 2015, ECF No. 21 (hereinafter "Pl.'s SOF").  He alleges that he developed repetitive trauma injuries to his cervical and lumbar spine, hip and lower extremities during the course and scope of his employment with the Defendants.  Defs.' Statement of Facts ¶ 1, February 26, 2015, ECF No. 19 (hereinafter "Defs.' SOF").  More specifically, Plaintiff claims that he was injured as a result of being exposed to "an environment in which he had to walk on uneven ground continuously over a long period of time" and which "had large main line ballast that was unsafe to work and/or to walk on." Pl.'s SOF ¶ 2.  He alleges that the injuries occurred in part because of poor walking conditions near the rail tracks, and also in part due to unsafe walking conditions in non-track areas. *Id.* ¶ 4.

Both parties appear to agree that ballast is a necessary material to have on the railroad to support the track and perform other functions. Defs.' SOF ¶ 7-11; Pl.'s SOF ¶ 10.  Plaintiff argues, however, that ballast is not necessary in any other

areas, including walking areas and roadways.  Pl.'s SOF ¶ 10.  Nevertheless, Plaintiff and several of his coworkers have testified that ballast goes down into these areas where there should instead be walking stone.  *Id.* ¶ 6, 8-9, 13-18.  It is the existence of this ballast in areas that do not support that track which Plaintiff alleges caused some of his injuries and therefore forms part of the basis of his claim.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and making all inferences in the nonmovant's favor, "could return a verdict for the nonmoving party." *Id.*

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  The moving party may satisfy this burden by either (i) submitting affirmative evidence that negates an essential element of the nonmoving party's

claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. *Id.* at 331.

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "materials in the record" that go beyond mere allegations, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Anderson*, 477 U.S. at 248–50.

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003). Furthermore, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249.  Credibility determinations are the province of the factfinder, not the district court.  *BWM, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).  Although the Court may consider any materials in the record, it need only consider those materials cited. Fed. R. Civ. P. 56(c)(3).

### III. DISCUSSION

Defendants have filed the instant motion relying exclusively on the doctrine of preemption.  They argue that Plaintiff's FELA action is precluded by the Federal Railway Safety Act (hereinafter "FRSA") to the extent Plaintiff is alleging that working on large and/or uneven ballast caused or contributed to his injuries.  They rely on an opinion from the United States Court of Appeals for the Sixth Circuit, *Nickels v. Grand Trunk Western R.R., Inc.*, 560 F.3d 426 (6th Cir. 2009), which concluded that the size of ballast to be used was governed by federal regulation 49 C.F.R. § 213.103 and therefore preempted a FELA claim on that issue.

Plaintiff responds that the *Nickels* court based its holding on an overly expansive reading of the preemption section of the FRSA and therefore the subject matter at issue in this case is not covered by the federal regulation relied upon by

the Defendants because it does not address worker safety, the grading of surfaces upon which employees are required to walk, or the size of the ballast to be used. Rather, he contends, the regulation sets only the base requirements that must be met in the use of ballast and the railroad is still under a duty to apply due care in their choices. Alternatively, Plaintiff asserts that if this Court finds that preemption is applicable regarding the use of ballast in track areas, such a determination cannot extend to the use of ballast in roadways, walkways and yards because these areas are not regulated by § 213.103.

The FELA makes a railroad liable to its employees if they are injured "by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment." 45 U.S.C. § 51. Because this cause of action sounds in negligence, the United States Supreme Court has held that the elements of a FELA claim are determined by reference to the common law. *See Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165-66 (2007).

The FRSA authorizes the Secretary of Transportation to "prescribe regulations and issue orders for every area of railroad safety." *Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 347 (2000). It contains an express preemption section which provides, "A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation . . .

prescribes a regulation or issues an order covering the subject matter of the State requirement." 49 U.S.C. § 20106(a)(2).  The Supreme Court has held that "[t]o prevail on the claim that the regulations have pre-emptive effect, petitioner must establish more than that they 'touch upon' or 'relate to' that subject matter, for 'covering' is a more restrictive term which indicates that pre-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993).

While this express preemption section on its face applies only to bar state claims, the circuit courts that have considered the issue have consistently held that in order to achieve the uniformity mandated by the FRSA[1], the doctrine must extend to FELA claims; that is, a FELA plaintiff's claims are precluded by the FRSA if they would have been preempted if brought by a non-employee under state law. *See Nickels*, 560 F.2d at 430; *Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d 439, 443 (5th Cir. 2001) ("Such uniformity can be achieved only if the regulations covering train speed are applied similarly to a FELA plaintiff's negligence claim and a non-railroad employee plaintiff's state law negligence claim."); *Waymire v. Norfolk & Western Ry. Co.*, 218 F.3d 773, 776 (7th Cir. 2000).  Because the FELA echoes a state law claim of negligence and provides the exclusive remedy for a

---

[1] The FRSA states that its purpose "is to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101.  Consequently it authorizes the Secretary of Transportation to "prescribe regulations and issue orders for every area of railroad safety."  49 U.S.C. § 20103(a).  Further, it provides that "[l]aws, regulations, and orders related to railroad safety shall be nationally uniform to the extent practicable." 49 U.S.C. § 20106.

railroad employee injured as a result of his employer's negligence, *see Wabash R.R. Co. v. Hayes*, 234 U.S. 86, 89 (1914), as well as in light of the FRSA's goal of national uniformity, this Court agrees with the holdings of the three Circuit Courts to have discussed this issue. The preeminent question then becomes whether § 213.103 "substantially subsumes" a state law negligence claim based on the railroad's type and location of ballast.

In *CSX Transportation, Inc. v. Easterwood*, the Supreme Court held, *inter alia*, that a federal regulation enacted pursuant to the FRSA which limited train speed to 60 miles per hour preempted a state law tort claim in which the plaintiff contended that despite operating under the federally mandated speed limit, the train was nevertheless going unreasonably fast. *See Easterwood*, 507 U.S. at 673-75. In so holding, the court addressed the entire context of the regulation at issue, stating that "[o]n their face, the provisions of § 213.9(a) address only the maximum speeds at which trains are permitted to travel given the nature of the track on which they operate. Nevertheless, related safety regulations adopted by the Secretary reveal that the limits were adopted only after the hazards posed by track conditions were taken into account." *Id.* at 674. Accordingly, the Supreme Court concluded that the federal regulation substantially subsumed the plaintiff's state law tort claim based on the excessive speed of the train. *Id.* at 675.

In this case, Plaintiff claims that he was injured as a result of years of walking on large ballast and uneven ground, both near the rail track and in non-track areas such as walkways, roadways and the rail yard. Pursuant to the FRSA, the Secretary of Transportation has enacted a regulation on ballast which states:

> Unless it is otherwise structurally supported, all track shall be supported by material which will –
>
> (a) Transmit and distribute the load of the track and railroad rolling equipment in the subgrade;
> (b) Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;
> (c) Provide adequate drainage for the track; and
> (d) Maintain proper track crosslevel, surface, and alinement.

49 C.F.R. § 213.103. The Third Circuit has not yet addressed the extent to which the FRSA preempts a FELA claim on this issue. The Sixth Circuit is the only circuit court to have addressed the issue of whether federal regulations on ballast preclude the type of claim advanced by the Plaintiff in the instant matter. In *Nickels v. Grand Trunk Western R.R., Inc.*, the court held that, similar to the regulation at issue in *Easterwood*, "in § 213.103 the Secretary has directed railroads to install ballast sufficient to perform key support functions under the conditions applicable to the track. Although these conditions necessarily are track-specific and are not classified as were the grade crossings in *Easterwood*, they effectively narrow the universe of material the railroad may use in a given situation. The regulation thus determines what is a reasonable ballast composition

and size for a particular track." *Nickels*, 560 F.3d at 431.  Importantly, the Sixth Circuit noted, "Preclusion and preemption under the FRSA are not limited to situations where the federal or state standard is incompatible with a regulation." *Id.* at 432 (relying on the second savings clause of 49 U.S.C. § 20106(a)(2) under which "a State may . . . continue in force an additional or more stringent law . . . related to railroad safety . . . when the law . . . is not incompatible with a law, regulation, or order of the United States Government. . . .").

This Court agrees with the Sixth Circuit that regulation § 213.103 can have preclusive effect on a FELA claim for the reasons articulated by that Court.  It is clear that § 213.103 substantially subsumes the subject matter of ballast on the rail track; even though the Secretary has not regulated specifically how ballast should be used at each track location, it is clear that the regulation was intended to provide specific guidelines for railroads to determine what type of ballast is necessary on each specific track.  *See Norris v. Cent. of Ga. R.R. Co.*, 635  S.E.2d 179, 183 (Ga.App. 2006) ("The fact that the regulation does not specify any size for the various purposes of the ballast does not alter the fact that the regulation nonetheless 'covers' or 'substantially subsumes' the subject matter of a ballast selection relative to track maintenance.").  Consequently, this Court finds that any allegations made by Plaintiff under the FELA regarding the use of ballast in track areas would be precluded by the FRSA.

However, this Court does not agree that this preclusive effect would extend beyond claims based on ballast that is used on the track to contribute to its support, stability, and drainage. Section 213.103 clearly addresses only ballast on the rail track in order to provide for those purposes; it makes no mention of the ground materials or specifications for areas where track support, stability, and drainage would not be at issue. *See Brenner v. Consolidated Rail Corp.*, 806 F.Supp.2d 786,796 (E.D.Pa. 2011) (holding that "to the extent that Plaintiff's claims are predicated upon allegations of negligence regarding the nature and size of ballast used for track stability, support, and drainage . . . such claims are precluded. . . . We will allow Plaintiff to pursue his ballast-related claims only to the extent that Plaintiff's claims relate to ballast being used in areas completely separate from those where track support, stability, and drainage are concerned."). Accordingly, this Court finds that any allegations made by Plaintiff under the FELA regarding the ballast used in non-track areas would not be precluded by the FRSA.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Defendant's motion for partial summary judgment is granted in part and denied in part. To the extent Plaintiff's allegations relate to injuries which have resulted from walking on ballast in areas where track stability and support are concerned, his claim is dismissed. To the extent, however, that his claim is predicated on injuries which have resulted from

Case 4:13-cv-02830-MWB   Document 23   Filed 07/24/15   Page 12 of 12

walking in non-track areas, Defendants' motion for partial summary judgment is denied.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge